# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CR-94-0175-HE |
| STEVE GRAY, | ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

Movant Steve Gray, a state prisoner, currently in the custody of the Oklahoma Department of Corrections (DOC) and incarcerated at the Lawton Correctional Facility (LCF) in Lawton, Oklahoma, has filed a "Motion to Expedite and/or Excelerate (sic) Execution of Sentence ("motion"). [Doc. No. 80]. The motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 626(b)(3). For the reasons set forth hereafter, it is recommended that the motion, which has been filed in Movant's criminal case, be denied without prejudice to the filing of a separate action pursuant to 28 U.S.C. § 2241.

I. Background

Mr. Gray asserts and the records of this Court reflect that he was convicted in this Court on or about April 11, 1995, on his plea of guilty to conspiracy to distribute cocaine base and sentenced to a term of incarceration of 151 month and a five year term of supervised release. *See* Sentencing Courtroom Minutes [Doc. No. 35]. Mr. Gray was released to supervision on November 18, 2005. *See* Request for Modifying the Conditions or Term of

Supervision with Consent of the Offender [Doc. No. 59 ]. On July 9, 2008, a Petition for Warrant or Summons for Offender under Supervision was filed, recommending the revocation of Mr. Gray's supervised release based on allegations that he had violated the terms of his supervised release by committing numerous state crimes including possession of marijuana with intent to distribute. *See* Petition [Doc. No. 66]. On March 5, 2009, following a hearing, United States District Judge Joe Heaton found that Mr. Gray had violated certain conditions of his supervised release, revoked his term of supervised release, and "committed [him] to the custody of the Bureau of Prisons (BOP) for twelve months, to be served consecutively to any state sentence arising out of the same conduct as is the basis for the revocation." Judgment Order on Revocation of Supervised Release [Doc. No. 79].

Mr. Gray advises further that on March 9, 2009, he was sentenced in state court, Case No. CF-2008-4391 to a total term of imprisonment of four years. Motion, p. 1. According to Mr. Gray, on April 24, 2009, the state court ordered that custody of Mr. Gray be transferred to the BOP and that his state sentence run concurrently with the federal sentence he received in this Court on March 5, 2009, in Case No. CR-94-175-HE. Motion, Att. A.

In his motion, Mr. Gray requests that this Court "send the United States Marshals Service to get custody of him from the Oklahoma Department of Corrections, deliver him to an appropriate federal facility to begin his federal sentence with which his state sentences have been ordered to run concurrent . . . ." Motion, p. 3.

II. Discussion

As noted, Mr. Gray has filed his motion in the instant criminal case. In order to address the motion, the Court must determine the nature of his request. The motion does not challenge the validity of his federal sentence which challenge would properly be brought by motion filed in the criminal action pursuant to 28 U.S.C. § 2255. Nor does Mr. Gray challenge the validity of his state conviction which challenge could be brought in this Court by bringing a separate civil action for habeas corpus pursuant to 28 U.S.C. § 2254. Rather, it appears Mr. Gray is attempting to challenge the execution of either his state or his federal sentence; such claims must be brought in a separate civil action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Bradford v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Mr. Gray's attempt to bring such challenge by a motion filed in his federal criminal case is inappropriate and without authority. It is therefore the recommendation of the undersigned that the Motion to Expedite and/or Excelerate Execution of Sentence [Doc. No. 80] be denied.

## RECOMMENDATION

The Motion to Expedite and/or Excelerate Execution of Sentence [Doc. No. 80] should be denied for the reasons discussed here. Movant is advised of his right to object to this Report and Recommendation by December 21, 2009, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1. Movant is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

Movant's "Motion to Correct the Record of the Identity of the Defendant in this Case [Doc. No. 83] has been granted by separate order of this date. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 30th day of November, 2009.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE